UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINDA CAROLE GRAY, ) | Case No.: 4:11 CV 1462 |
| Plaintiff ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant ) | <u>ORDER</u> |

The Defendant, the Commissioner of Social Security (the "Commissioner"), denied disability benefits to Plaintiff, Linda Carole Gray ("Plaintiff"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation. Both parties submitted briefs on the merits. Plaintiff sought an order reversing the Administrative Law Judge's ("ALJ") decision and allowing her claim for benefits. Plaintiff argued that the ALJ did not properly credit the Vocational Expert's ("VE") testimony offered during the hearing in response to hypothetical questions posed by her attorney, and if the VE had done so, he would have concluded that she was disabled.

On May 17, 2012, Magistrate Judge McHargh submitted his Report and Recommendation (ECF No. 13), recommending the court affirm the decision of the Commissioner. First, he found that Plaintiff did not assert any challenge to the ALJ's description of her residual functional capacity ("RFC"), that she retained the ability to perform a limited range of light work. (*Id*. at 8-9.) Although two of the three medical opinions offered stated that Plaintiff could perform medium work, the ALJ limited her to light work due to

problems with her pulmonary function. (*Id.* at 9.) The Magistrate Judge found that the record supported the ALJ's finding that Plaintiff retained the mental capacity to perform light work. (*Id.*) Therefore, the Magistrate Judge concluded, the ALJ's assessment of Plaintiff's RFC is supported by the record. (*Id.*)

Second, the Magistrate Judge found the ALJ properly relied on the VE's testimony. (*Id.* at 10.) The VE testified that someone having the same RFC as Plaintiff would be able to work as a laundry folder, remnant sorter, and stocker. (*Id.* at 9.) Therefore, the ALJ concluded, Plaintiff could do those same jobs. (*Id.*) The Magistrate Judge found that this conclusion is supported by the record evidence. (*Id.* at 9-10.)

Lastly, the Magistrate Judge found Plaintiff's argument, that the ALJ should have credited the VE's testimony that there would be no work for an individual based on the claimed limitations put forth by Plaintiff, not to be well-taken. (*Id.* at 10-11.) In response to hypothetical questions posed by Plaintiff's attorney, the VE opined that there would be no work for an individual who would miss roughly four days of work each month, have lapses of concentration for more than ten minutes an hour, and require the use of a nebulizer for performing tasks which required only minimal exertional effort. (*Id.* at 10-11.) The Magistrate Judge found that Plaintiff failed to identify any objective evidence demonstrating that these limitations were medically necessary. (*Id.* at 10.) The Magistrate Judge concluded that the ALJ did not find Plaintiff's claimed limitations to be credible since he omitted them from his RFC finding. (*Id.* at 11.) Therefore, the Magistrate Judge found, it was proper for the ALJ to exclude these limitations from the hypothetical question he posed to the VE, which the ALJ ultimately relied on to determine that Plaintiff was not disabled.

As of the date of this Order, Plaintiff has not objected to the Report and Recommendation. By failing to do so, she has waived the right to appeal the Magistrate

Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation denying disability benefits to Plaintiff. (ECF No. 13.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 20, 2012